UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In Re:                                                              **Chapter 7**

    **SULTANA RAZIA,**                          **Case No. 09-47267 (ESS)**

                 Debtor.

------------------------------------------------------------x

ROBERT L. GELTZER, as Trustee
of the Estate of **SULTANA RAZIA**,

                 Plaintiff,              **Adv. Pro. No.**

    -against-

    **SULTANA RAZIA**,

                 Defendant.

------------------------------------------------------------x

## COMPLAINT REVOKING DISCHARGE

        Robert L. Geltzer, as Trustee for Sultana Razia, the Debtor, the plaintiff herein, by its counsel, Law Offices of Robert L. Geltzer, as and for its complaint against Sultant Razia (the "Debtor"), alleges as follows:

## JURISDICTION AND VENUE

        1.      This is an adversary proceeding brought pursuant to and under Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to Section 727 of Title 11, United States Code (the "Bankruptcy Code").

        2.      The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.  By virtue of 28 U.S.C. § 157(a), and the Order dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

        3.      This adversary proceeding arises under and in the case of Sultana Razia, Case No. 09-47267 (ESS), pending under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4.      Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1049(a).

5.      This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

## PARTIES

6.      On or about August 24, 2009, the Debtor filed a voluntary petition (the "Petition") under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York.

7.      On or about August 24, 2009, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and pursuant to § 702(d) of the United States Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

8.      The Debtor is an individual whose last known address is 45-02 Ditmars Boulevard, #405, Astoria, New York 11105, and/or reside at 20-59 20th Street, #3B, Astoria, New York 11105.

## OBJECTIONS TO DISCHARGE

9.      This Court has issued a discharge to the Debtor on or about December 1, 2009.

10.      This is an action brought pursuant to § 727 of the Bankruptcy Code to revoke the Debtor's discharge.

11.      On August 24, 2009, the Debtor commenced the instant bankruptcy case. Along with the Petition, the Debtor filed Schedules of Assets and Liabilities and a Statement of Financial Affairs.

12.      On or about March 26, 2010, the Trustee made an application to the Court for an Order, granted on April 27, 2010 (the "2004 Order"), for the production of certain documents and the examination of the Debtor under Federal Rule of Bankruptcy Procedure 2004.

13.      The 2004 Order was served upon the Debtor and his attorney, Mark E. Cohen, Esq., on April 27, 2010.

14.    In violation of the 2004 Order, the Debtor produced very few of the documents required to be produced by the 2004 Order.

15.    The Debtor did appear for examination on June 7, 2010 at which time she was directed to comply with the 2004 Order and that direction to comply was repeated in several telephone calls with the Debtor's attorney, and the Debtor's examination was not concluded.

16.    Following-up on the commenced, but not completed, examination of the Debtor, the Trustee wrote to her attorney on or about October 7, 2010 demanding that documents that had not been produced, and which needed to be produced and reviewed, be produced so that they could be reviewed and so that the examination could continue. Notwithstanding that letter and several telephone conversations with the attorney for the Debtor, no additional documents have been produced.  Moreover, the attorney for the Debtor has represented to the Trustee that he has been unable to communicate with the Debtor.

17.    Specifically, the documents and information required to be produced by the Debtor include the following:

    a.    Closing statement for the purchase of the house at 44-03 69th Street, Woodside, New York (the "Property"); and

    b.    Any and all documents showing the disposition of approximately $200,000.00 that the Debtor realized upon refinancing the Property totally transferred to her by her husband, showing amounts disbursed, to whom, when, the reasons therefor, etc.; and

    c.    All bank statements and all credit card statements for six years preceding the filing of the petition, as required by the 2004 Order, and in addition to all other documents required thereby; and

    d.    Names and addresses of all persons who were allegedly repaid any amounts owed to them by the Debtor and/or her husband, including, without limitation, all documents evidencing the loans.

18.     Notwithstanding the 2004 Order, and letters and telephone conversations with the attorney for the Debtor during which and in which the Trustee advised the attorney that unless the documents were produced the instant action would be commenced, nothing has been produced.

## CLAIMS FOR RELIEF

19.     Section 727(a) of the Bankruptcy Code provides in pertinent part that:

(a)     The court shall grant the debtor a discharge, unless - . . .

(6)     the debtor has refused, in the case -

(A)     to obey any lawful order of the court, other than an order to respond to a material question or to testify; . . .

20.     Section 521(a)(3) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title.

Section 521(a)(4) of the Bankruptcy Code provides that:

> the debtor shall - if a trustee is serving in the case...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to the property of the estate, whether or not immunity is granted under section 344 of this title.

21.     Sections 727(d) (3) of the Bankruptcy Code provides in pertinent part that:

(d)     On request of the trustee. . . the court shall revoke a discharge granted under subsection (a) of this section if–

(3)     the debtor committed an act specified in subsection (a)(6) of this section.

22.     Given the Debtor's failure to disclose and to produce and to turn over all documents pursuant to the 2004 Order, pursuant to § 727 of the Bankruptcy Code, the discharge issued to the Debtor must be revoked.

**WHEREFORE**, the Trustee demands judgment against the Debtor as follows:

(a)  The Debtor's discharge be revoked; and

(b)  Costs and attorneys' fees be levied against the Debtor; and

(c)  Such other and further relief as this Court deems just and proper.


Dated:  New York, New York
        December 14, 2010


                                    Law Offices of
                                    ROBERT L. GELTZER
                                    Counsel to the Trustee


                                    By: /s/ Robert L. Geltzer
                                        Robert L. Geltzer (RG 4656)
                                        A Member of the Firm
                                        1556 Third Avenue, Suite 505
                                        New York, New York  10128
                                        (212) 410-0100