| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | 13-3589448 |

---------------------------------------------------------x
In Re:                                           **Chapter 7**

    **SULTANA RAZIA,**                         **Case No. 09-47267 (ESS)**

                          Debtor.
---------------------------------------------------------x
ROBERT L. GELTZER, as Trustee
of the Estate of **SULTANA RAZIA**,

                          Plaintiff,               **Adv. Pro. No.**

        -against-

    **SYED AHMED**,

                          Defendant.
---------------------------------------------------------x

**COMPLAINT TO RECOVER FRAUDULENT TRANSFER
OF ESTATE PROPERTY OR ITS VALUE**

        The Complaint of Robert L. Geltzer (the "Trustee" or "Plaintiff") as Trustee of Sultana Razia (the "Debtor") by his attorneys, the Law Offices of Robert L. Geltzer, respectfully avers as follows:

## INTRODUCTORY STATEMENT & BACKGROUND

        1.        On April 27, 2010 this Court entered an Order (the "2004 Order"), upon the Trustee's application, pursuant to Federal Rule of Bankruptcy Procedure 2004 requiring the Debtor to produce certain documents and to be examined. That examination was conducted on June 7, 2010. Among other things, the Debtor testified that she made various cash advances, and on or about April 27, 2007 wrote a check to her husband, Syed Ahmed (the "Defendant"), in the amount of $11,205.20 (the "Gifts"), which she testified that Defendant used to repay loans that he made. There were no documents or testimony to indicate that the Debtor had received any type of consideration in exchange for said Gifts.

        2.        The accountant retained by the Trustee, Andrew W. Plotzker, C.P.A., has reviewed those books and records that the Debtor supplied to the Trustee, pursuant to the 2004

Order, and has determined that, as of the date of the Transfer, the Debtor, upon information and belief, was insolvent.

**JURISDICTION AND VENUE**

3. The United States District Court for the Eastern District of New York has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. By virtue of 28 U.S.C. § 157(a), and the Order dated July 12, 1984 of District Court Chief Judge Weinstein of the United States District Court for the Eastern District of New York, this adversary proceeding is automatically referred to the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

4. This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding.

5. This adversary proceeding is also commenced pursuant to Sections 101, 105(a), 544, 548, 550 and 551 of the United States Bankruptcy Code; the general equity powers of the Bankruptcy Court; the Debtor and the New York Debtor and Creditor Law ("NYDCL"), §§ 270 et seq.; the general common law; and Federal Rules of Bankruptcy Procedure ("FRBP") §§ 6009, 7001, 7008, et seq. to avoid and recover a fraudulent conveyance(s) of money or property of the estate.

**PARTIES**

6. On or about August 24, 2009 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") with the Bankruptcy Court.

7. On or about August 25, 2009, the Trustee was appointed by the Office of the United States Trustee as interim trustee of the Debtor's estate pursuant to § 701, and

pursuant to § 702(d) of the Bankruptcy Code thereafter became permanent Trustee by operation of law, and is serving as such.

8. Upon information and belief, the Defendant is an individual, who is the husband of the Debtor, and resides at 45-02 Ditmars Boulevard, Astoria, New York 11105.

9. This proceeding seeks the avoidance of the fraudulent transfers of the Gifts of the Debtor to, or for the benefit of, the Defendant (the "Transfers"), plus interest from the date of the Transfers.

10. The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of the Transfers, pursuant to Bankruptcy Code § 544(b)(1) and New York Debtor and Creditor Law § 278 and of future creditors pursuant to New York Debtor and Creditor Law § 279.

**First Claim for Relief**

**AVOIDANCE OF THE TRANSFERS AS
FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §544(b) AND
§§ 273, 274, 275 AND 278 OF NEW YORK DEBTOR AND CREDITOR LAW**

11. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. Upon information and belief, and the testimony of the Debtor, the Trustee claims that within six (6) years preceding the Petition Date, the Defendant received and/or was given the Gifts from and by the Debtor with no or little or inadequate consideration in the total amount of $11,205.20.

13. Upon information and belief, on the date of the Transfers, the Debtor: (i) was insolvent or was rendered insolvent as result of such transfer, (ii) had unreasonably small capital for the business in which it was engaged or was about to engage, and/or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

14. Accordingly, pursuant to 11 U.S.C. § 544(b) and §§ 273, 274, 275 and 278 of the New York Debtor and Creditor Law, the Trustee may avoid the Transfers.

15. Accordingly, pursuant to 11 U.S.C. § 550(a), the Trustee may recover from the Defendant, for the benefit of the debtor's estate, the Transfers in the amount of at least $11,205.20, as well as any additional amounts that may be revealed in discovery, plus interest; and to attach the assets of the Defendant and prevent transfers therefrom in the foregoing amounts.

## Second Claim for Relief

## UNJUST ENRICHMENT FROM THE TRANSFERS

16. The Trustee repeats and realleges the allegations contained in paragraphs 1 through 15 of this Complaint as though fully set forth herein.

17. The Defendant received the Transfers to which he was not entitled and for which the Debtor did not receive fair consideration.

18. The Defendant benefitted from the Transfers and his use and enjoyment that she has derived therefrom and continues to derive therefrom.

19. The Defendant's retention of the benefit that she has derived, and continues to derive, from his use and enjoyment of the Transfers would be unjust.

20. As a result of the Defendant's receipt of the Transfers, for which he was not entitled and for which the Debtor did not receive fair consideration, the Defendant has been unjustly enriched, at the Debtor's expenses, in an amount to be determined at trial that is not less than $11,205.20, as well as any additional amounts that may be revealed in discovery, plus interest.

21. By reason of the foregoing, the Trustee is entitled to recover from the Defendant an amount not less than $11,205.20, as well as any additional amounts that may be revealed in discovery, plus interest.

22. By reason of the foregoing, the Court should impose a constructive trust on the Debtor's interest in the bank account(s) of the Defendant in an amount not less than $11,205.20, as well as any additional amounts that may be revealed in discovery, to be held for

the benefit of, and returned to, the Trustee for the benefit of the Debtor's estate's creditors, together with interest.

23. The Trustee asserts an interest in any and all bank accounts and other assets of the Defendant on the grounds that they contain proceeds of the Transfers from the Debtor and/or that he is indebted to the Debtor's estate for its receipt of the Transfers.

**WHEREFORE**, the Trustee respectfully requests judgment against the Defendant as follows:

(1) On Claim One, voiding the Transfers, and for damages on behalf of the Debtor in an amount to be determined at trial that is not less than $11,205.20, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on the Defendant's assets, including any and all bank accounts and other real property owned by the Defendant, to prevent transfers therefrom in the foregoing amounts;

(2) On Claim Two, voiding the Transfers, awarding compensatory damages in an amount to be determined at trial that is not less than $11,205.20, as well as any additional amounts that may be revealed in discovery, plus interest; directing that a money judgment be entered for that amount, and directing that a constructive trust be imposed on the Defendant's assets, including any and all bank accounts and other real property owned by the Defendant, to prevent transfers therefrom in the foregoing amounts;

(3) On all claims, awarding pre- and post- judgment interest, costs and disbursements as allowed by law;

(4) On all claims, awarding reasonable attorneys' fees as allowed by law; and

(5) Granting Plaintiff such other and further relief as to this Court appears just and proper.

Dated: New York, New York
June 17, 2011

/s/ Robert L. Geltzer
_____
ROBERT L. GELTZER (RG 4656)
The Law Offices of
ROBERT L. GELTZER
Counsel to the Trustee
Sultana Razia
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100